Lawson Fite, OSB #055573
Email: lfite@schwabe.com
Rosalyn DiLillo Knock, admitted *Pro Hac Vice*
Email: rdililloknock@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CLAUDE SAKR, an individual; LAURA JACKSON, an individual; and MARGARET SKENDERIAN, an individual;<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF PORTLAND, an Oregon municipal corporation; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, an agency of the United States; ADRIANNE TODMAN, in her official capacity as Acting Secretary of the U.S. Department of Housing & Urban Development; HOME FORWARD, an Oregon public corporation,<br><br>　　　　Defendants. | Case No. 3:24-cv-01265-AN<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## INTRODUCTION

1.　Plaintiffs Claude Sakr, Laura Jackson, and Margaret Skenderian seek judicial

Page 1 -   FIRST AMENDED COMPLAINT
           CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

review of Defendant City of Portland Housing Bureau's ("PHB") decision to issue an Environmental Assessment ("EA") and a Finding of No Significant Impact ("FONSI") for a new affordable housing development (the "Peaceful Villa Redevelopment" or the "Project") under the National Environmental Policy Act 42 U.S.C. §§ 4321 *et seq.* ("NEPA"). Plaintiffs also seek review of the actions of the U.S. Department of Housing and Urban Development ("HUD") in approving the Project and its NEPA documentation and in providing grant funds for the Project.

2.      The Peaceful Villa Redevelopment is a four-acre superblock redevelopment of an existing 70-unit multifamily garden-style housing project in Southeast Portland managed by developer Home Forward. Home Forward is a public corporation governed by a board of commissioners appointed by the City of Portland, Multnomah County, and the City of Gresham. The Portland City Council approves all appointments. Home Forward is proposing to dismantle the current 18 building, bungalow-style 70-unit development and replace it with 166 new multi-family housing units. The surrounding neighborhood is primarily a single-family residential area and currently has no large apartment buildings or commercial spaces. The cost of the project is estimated to be around $95 million. Home Forward's preconstruction services with LMC Construction are complete and the project fully bid as of August 20, 2024 with a planned start date in September, 2024.

3.      In 2022, Home Forward and PHB began the development process to receive HUD grant funding through PHB. Plaintiffs and their neighbors sent multiple communications to Anna Shook, the HUD Certifying Officer for the City of Portland, throughout the process expressing their concerns about the Project regarding unaddressed significant impacts, a procedurally and substantively deficient EA, and a lack of the required assessment of alternative actions. Despite these communications, in 2024 PHB issued its final EA and FONSI for the Project.

Page 2 -     FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

4. NEPA requires federal agencies and their designees to take a hard look at the potential effects of their proposed actions. PHB issued an EA and FONSI which failed to adequately identify and address the multitude of impacts from this project that will occur for current occupants and their neighbors, including the Plaintiffs. This violates NEPA. The Plaintiffs seek injunctive and declaratory relief to remedy PHB's departure from NEPA protocol. PHB's EA and FONSI were arbitrary and capricious, an abuse of discretion, and not in accordance with law pursuant to the APA.

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this matter under 5 U.S.C. § 702 and 28 U.S.C. § 1331. Venue is properly vested in this Court in the District of Oregon under 28 U.S.C. § 1391(e). Divisional venue is proper in the Portland Division pursuant to L.R. 3-2(a) & (b) because the Plaintiffs reside there, a Defendant is part of the municipal government serving the area, and a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in the district.

## PARTIES

6. Plaintiffs are long-time residents of Southeast Portland, Oregon, specifically the Richmond neighborhood in which the Project will be constructed. Plaintiff Claude Sakr is a member of the Richmond Neighborhood Association ("RNA") and until recently was a co-chair of that association's Land Use, Transportation and Sustainability Committee. He is a member of the Community Advisory Committee ("CAC"), as a neighborhood representative, put together by Home Forward for the Project, and, in his capacity on that body, drafted letters, testified at meetings, and solicited and conveyed feedback on the Project from the community to Home Forward and PHB. Plaintiffs support affordable family-oriented housing in the neighborhood and

Page 3 -    FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

acknowledge the need for such housing in Portland as a whole. However, Plaintiffs are directly affected and injured by the actions of PHB and the resulting Project as currently conceived.

7.  Defendant City of Portland Housing Bureau is a municipal agency acting as the responsible entity for defendant U.S. Department of Housing and Urban Development, who is providing a portion of the funding for the project and is responsible for the issuance of the EA and FONSI for the Project. Defendant Todman is the Acting Secretary of HUD and is sued in her official capacity. Defendant Home Forward is a public corporation implementing the Peaceful Villa development which participated in preparation of the NEPA documents at issue.

## LEGAL FRAMEWORK

8.  The National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* ("NEPA") requires that federal agencies publish an environmental assessment ("EA") or environmental impact statement ("EIS") before taking a "major federal action" that will "significantly affect[] the quality of the human environment." 42 U.S.C. § 4332(C). NEPA also requires federal agencies to take a hard look at the potential effects of their proposed actions. *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989). In taking that hard look, if "it is a close call whether there will be a significant environmental impact from a proposed action, an EIS should be prepared." *Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 18 (2d Cir. 1997). The purpose of an EA is to allow the action agency to make a reasoned determination of whether an EIS is necessary. 40 C.F.R. § 1501.5. If the action agency determines that an EIS is not required and intends to proceed with the proposed action, it must publish a Finding of No Significant Impact ("FONSI"). 40 C.F.R. § 1501.6.

/ / /

Page 4 -    FIRST AMENDED COMPLAINT
CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

9.     NEPA suits are governed by the Administrative Procedure Act ("APA"). *See Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 375 (1989). The APA dictates that courts must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). An agency's decision is arbitrary and capricious if it "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

10.     The APA provides for judicial review of a "final agency action for which there is no other adequate remedy in a court" by persons aggrieved by such action. 5 U.S.C. § 702. Under the APA, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

11.     The Council on Environmental Quality has issued implementing regulations for NEPA that apply to all agencies at 40 C.F.R. Chapter V, Subchapter A, §§ 1500–1508. In addition, HUD has issued its own NEPA regulations at 24 C.F.R. Subtitle A, Part 58, for entities assuming HUD environmental responsibilities. The HUD regulations require, among other things, that the responsible entity "must assume the environmental responsibilities for projects" for which responsibilities have been transferred and that "the responsible entity must comply with the provisions of NEPA and the CEQ regulations contained in 40 CFR parts 1500 through 1508, including the requirements set forth in this part." 24 C.F.R. § 58.10.

Page 5 -     FIRST AMENDED COMPLAINT
         CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

## FACTUAL ALLEGATIONS

12. On February 2, 2024, PHB issued an EA and concurrently a FONSI for the Peaceful Villa Redevelopment project located at 4626 SE Clinton St, Portland, OR 97206 (the "Project Site"). The approximately 4-acre site is currently owned by Home Forward, formerly known as the Housing Authority of Portland, Oregon. The Project will convert this property into two long structures along NE Clinton Street between SE 45th Avenue and SE 47th Avenue upwards of three stories and a large Z-shape structure composed of three interconnected apartment blocks more than 700 feet in length, with long unbroken facades, and stretching upwards of four stories high, housing166 units, 62 on-site parking spaces for residents, and other community facilities onto the lot. Of the 166 total units, 75 apartments would be studio and one-bedroom units while the other half would be a mix of two-bedroom, three-bedroom and four-bedroom apartments.

13. All units at the proposed project would be reserved for individuals earning 50% or less of the area mean income. Once completed, the project would utilize Rental Assistance Demonstration (RAD) funds that are administered by HUD. The existing 18-building Peaceful Villa apartment complex currently provides 70 affordable housing units and will be demolished before construction begins, displacing vulnerable and at-risk residents who fear displacement during construction, and worry about the stability and affordability of their homes once the new building is complete. As required by the Portland Bureau of Transportation (PBOT), the proposed project would also make improvements to SE Woodward Street to allow for two-way vehicle access and a sidewalk on one side of the street. The Peaceful Villa residences are currently accessible via walkways that connect to sidewalks along SE Clinton Street, SE 46th Avenue, and SE 47th Avenue. Following redevelopment, Peaceful Villa would be accessible via

Page 6 -    FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

two driveways along SE 46th Avenue, in addition to walkways that connect to the sidewalk along SE Clinton Street and the sidewalk along SE 47th Avenue.

14. PHB assumed environmental responsibilities for the Project under 24 C.F.R. Part 58. The NEPA process began in approximately March of 2022 and completed with the February 2024 EA and FONSI determination. However, as detailed below, the public was not informed of or involved in the NEPA review until very late in the process, meaning that there was insufficient involvement in and insufficient time taken to complete a complex process for a large development involving traffic changes, housing concerns for the current residents, and the impacts of the development itself on surrounding residents.

15. The following is a chronology of meetings and communications with Home Forward about the need to perform an environmental review and preparation of an EA:

- Home Forward presented about the redevelopment design to the Richmond Neighborhood Association Board on **June 6, 2022 and Aug 8, 2022**. No mention of design alternatives or needing to conduct an environmental review / assessment.

- **CAC #1 meeting held on June 14, 2022**. The presentation, handout and the schedule shared with CAC members did not speak to design alternatives or the need to conduct an environmental review / assessment.

- **CAC #2 meeting held on August 2, 2022**. The presentation and handouts shared with CAC members did not speak to design alternatives or the need to conduct an environmental review / assessment.

- **September 9, 2022 communication** to Home Forward from Claude Sakr, CAC member / neighborhood representative, requesting that Home Forward performs an environmental impact analysis and identify the needed mitigation during the design process.

Page 7 -   FIRST AMENDED COMPLAINT
CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

- **October 15, 2022** (approx.). Online posting of Home Forward Board Meeting Packet, including a resolution regarding funding for Peaceful Villa, and references in the supporting materials to the use of a combination of federal, state, and local funds.

- **October 18, 2022 communication** to Home Forward from Claude Sakr, CAC member / neighborhood representative, stating that the use of federal dollars is a federal nexus by itself that requires a prescribed public engagement process and a level of impact analysis.

- **October 21, 2022 Fact Sheet #2 issued by Home Forward** stated that HUD funding requires an environmental review process and CAC members will be notified of how this process is undertaken at future meetings.

- **November 2, 2022 communication** to Home Forward from Claude Sakr, Maggie Skenderian and Joanna Linn, CAC members / neighborhood representatives, stating that this type of project would typically need an environmental analysis to identify design alternatives, impacts and needed mitigation early during design.

- **December 1, 2022 communication** to Home Forward from Claude Sakr, CAC member / neighborhood representative:
    - Stated that after reviewing the exemptions and categorical exclusions listed in 24 CFR 58, Environmental Review Procedures for Entities Assuming HUD Environmental Responsibilities, the proposed redevelopment is not exempt or categorically excluded. Therefore, an Environmental Assessment (EA) will be required.
    - Asked whether an environmental consultant has been selected to prepare the EA; and

Page 8 -    FIRST AMENDED COMPLAINT
         CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

- o   Asked whether a project schedule has been prepared that incorporates the start and finish dates of the environmental analysis.

- **December 2, 2022 communication** from Home Forward to Claude Sakr, CAC member / neighborhood representative, confirming a HUD EA will be required and have yet to select a consultant to complete the HUD EA. This was the first confirmation that an EA would be required.

- **December 13, 2022 communication from the RNA Board to Home Forward**, stating <u>the process started with a fairly set design at the CAC in terms of building footprints</u> so that has created more friction rather than openness and creative solutions that those who know the context might be able to bring if there is more ability to give meaningful input. For Peaceful Villa, the EA requires alternatives and they need to be realistic and viable.

- **December 13, 2022 meeting with Home Forward** - Participants included the three neighborhood representatives on the CAC, the RNA representative on the CAC, and the chair of the RNA. Key takeaways from this meeting are as follows:

    - o   Home Forward stated they will not pause the design presented at the November 3, 2022 CAC #3 meeting and will not prepare other design alternatives.

    - o   Home Forward stated that the design team is proceeding with the preparation of construction documents for the design presented at the November 3, 2022 CAC #3 meeting [*prior* to the beginning of the work on the EA].

- **February 7 and 9, 2023 communications** to Home Forward from Claude Sakr, CAC member / neighborhood representative requesting a copy of the EA scope of work.

- **February 14, 2023 -** Home Forward provided Claude Sakr, CAC member / neighborhood representative, the EA scope of work (document dated February 10, 2023)

Page 9 -   FIRST AMENDED COMPLAINT
CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

that their selected environmental consultant is proposing. The proposed scope of work, dated February 10, 2023, was believed to still being finalized two months after Home Forward informed us at the December 13, 2022 meeting (see above) that they made the decision to proceed with development of construction documents for the design presented to the CAC on November 3, 2022.

16. Throughout the process the plaintiffs and other community members expressed concerns about the lack of meaningful public involvement and transparency by Home Forward. Current Peaceful Villa residents, the greater community, and the RNA have indicated that their participation in design decisions has been very limited, the proposed gargantuan facades do not fit the character of the neighborhood and are anomalous in the context of the surrounding residential area, no project information was posted on the Home Forward website about public meetings and design development (from the date that the December 2021 Resident Fact Sheet was posted up to August 2023 when the July 2023 Development Progress Update was posted – plus one year since the first CAC meeting was held on June 2022), the lack of consideration of meaningful design input provided by the CAC and neighbors, and lack of correction of factual inaccuracies in documents was concerning. The RNA representative on the CAC testified at the February 21, 2023 Home Forward Board meeting to encourage more robust public engagement, spoke to the need to develop design alternatives that meet the character of the neighborhood, and presented a range of design alternatives that meet the desired density while meeting the general scale and character of the neighborhood with potentially lower cost to construct and to build more community buy-in. Similarly, neighborhood representatives on the CAC asked Home Forward to consider constructing a series of separate, smaller multi-family townhomes more in keeping with the residential neighborhood character, as Home Forward has done in other similar

Page 10 -   FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

public housing projects such as the Stephens Creek Crossing in Southwest Portland. These concerns were also communicated to PHB, City Commissioner Carmen Rubio who has oversight over PHB, and Bryan Guiney with HUD and were ignored.

17. The community believes PHB has taken Home Forward's word on issues with the design and the impact the Project will have over those of the residents currently living in and around the Project Site. PHB's response to comments on the draft EA states that it relied on Home Forward to provide much of the information in response to EA comments. PHB did not validate or research further as to Home Forward's response on the issues raised, such as failing water and sewer lines in the neighborhood, or issues related to public safety.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Violation of NEPA -- Unlawful Finding of No Significant Impact)**

18. Paragraphs 1–17 are hereby incorporated by reference.

19. The FONSI, and the EA on which it was based, failed to properly characterize existing conditions in the project vicinity, and failed to address potentially significant environmental impacts of the Project, meaning PHB and HUD failed to consider important aspects of the problem, rendering the FONSI arbitrary and capricious.

20. Specifically, the EA and FONSI failed to address potentially significant impacts including but not limited to:

   a. Inconsistency in the proposed building design with the context and character of the neighborhood and site;

   b. Demolition of 18 buildings with 70 units of existing affordable housing;

Page 11 -   FIRST AMENDED COMPLAINT
              CASE NO. 3:24-cv-1265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

c. Displacement of approximately 140 affordable housing residents, disrupting community and routines without consideration of alternatives like usage of staged construction to keep residents on-site, and keep the relocation units in the marketplace;

d. Impacts of the Super-building, the proposed project of two buildings (each about one block length) along SE Clinton St, and one massive Z-shape interconnected 700' Long Buildings along SE 47th and SE 45th avenues with unbroken long facades are incompatible with both the purpose of the zoning designation and the anticipated housing types described in 33.120.030 Characteristics of the RM1 Zone;

e. Building Design is inconsistent with several policy and goal statements from Chapter 4: Design and Development, in the City's 2035 Comprehensive Plan, specifically:

- **Goal 4.A - Context-sensitive design and development:** "New development is designed to respond to and enhance the distinctive physical, historic, and cultural qualities of its location, while accommodating growth and change."

- **Policy 4.3**: **Site and context**. *"Encourage development that responds to and enhances the positive qualities of site and context — the neighborhood, the block, the public realm, and natural features."*

- **Policy 4.15**: **Residential area continuity and adaptability**. "Bring housing diversity that is compatible with the general scale and patterns of residential areas."

Page 12 -   FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

- **Policy 4.16 – Scale and Patterns.** "Encourage design and development that complements the general scale, character, and natural landscape features of neighborhoods."

f. Impacts of pile-driving as required for the large-scale buildings, creating the potential to damage nearby housing foundations due to related-ground vibration. The majority of the homes around the development are nearly 100 years old and do not have reinforced concrete foundations to which pile driving presents a substantial risk. Home Forward did not acknowledge or analyze the effects of pile driving in the EA.

g. Inadequate and inappropriate characterization of existing traffic and transportation conditions in the project vicinity, and inadequate analysis of project impacts related to transportation.

h. Inadequate and inappropriate characterization of existing water and sewer capacity and infrastructure issues.

i. Inadequate consideration of sound related to traffic and aviation, and no mention of noise impact to neighbors on Brooklyn from the new construction's approximately 100 "mini-split" or other HVAC compressor devices at the level of their homes.

21. Without consideration of these impacts, the EA and FONSI do not take a "hard look" at the environmental consequences of the Project. Accordingly, the FONSI and EA are in violation of NEPA.

/ / /

Page 13 - FIRST AMENDED COMPLAINT
CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

## SECOND CLAIM FOR RELIEF

### (Violation of NEPA — Insufficient Public Involvement)

22. Paragraphs 1–21 are hereby incorporated by reference.

23. The CEQ and HUD regulations require integration of the NEPA process with other planning activities at the earliest reasonable time to ensure all environmental impacts are identified and considered in planning decisions, to avoid delays later in the process, and to head off potential conflicts. HUD regulations specifically state that "The environmental review process should begin as soon as a recipient determines the projected use of HUD assistance."

24. Contrary to these regulations, the environmental review process were delayed until after the design of the Project was completed, turning the NEPA process into a rubber stamp.

25. These procedural defaults prejudiced the environmental review process and render the EA and FONSI arbitrary and capricious.

## THIRD CLAIM FOR RELIEF

### (Violation of NEPA — Inadequate Environmental Assessment)

26. Paragraphs 1–25 are hereby incorporated by reference.

27. The EA fails to include many elements required by HUD regulations, rendering it inadequate for purposes of informed decision-making and contrary to NEPA.

28. Specifically, 24 C.F.R. § 58.40 requires an EA to do the following:

> a) Determine existing conditions and describe the character, features and resources of the project area and its surroundings; identify the trends that are likely to continue in the absence of the project;
>
> (b) Identify all potential environmental impacts, whether beneficial or adverse, and the conditions that would change as a result of the project;

Page 14 -   FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

(c) Identify, analyze and evaluate all impacts to determine the significance of their effects on the human environment and whether the project will require further compliance under related laws and authorities cited in § 58.5 and §58.6.2;

(d) Examine and recommend feasible ways in which the project or external factors relating to the project could be modified in order to eliminate or minimize adverse environmental impacts;

(e) Discuss the need for the proposal, appropriate alternatives where the proposal involves unresolved conflicts concerning alternative uses of available resources, the environmental impacts of the proposed action and alternatives, and a listing of agencies and persons consulted.

29. The above elements are not contained in the EA. Paragraph (a) is violated by failure to disclose significant compatibility contrasts. Paragraph (b) is violated because the EA describes existing conditions inaccurately or inadequately, as a result, identification of impacts is incomplete. The lack of proposed site plans and elevations in the EA further compounds the inability to get a true sense of the project. Paragraphs (c) and (d) are violated as the EA fails to discuss ways that project elements could be altered to reduce impacts, including building size and form, construction methods (noise and vibration), and transportation issues. Paragraph (e) is violated by failure to disclose unresolved conflicts. Throughout the project, the neighborhood representatives on the CAC, the RNA representative on the CAC, as well as the RNA Board, have been raising concerns about the design's inconsistency with the surrounding context and character (building size and form), the design's inconsistency with several policy and goal statements in the City's 2035 Comprehensive Plan, the inconsistency with City resolution No. 36648 that requires performing Crime Prevention through Environmental Design (CPTED) analysis for all multi-family residential housing constructed, owned, or financed by the City to inform the design, and continually asked for alternatives related to building size and form. The

Page 15 -   FIRST AMENDED COMPLAINT
CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

issues we have raised constitute unresolved conflicts regarding the use of the resource - 4 acres of RM 1 zoned land.

30.     The EA additionally fails to discuss public safety in sufficient detail. There is no mention of the current need for police and fire services at Peaceful Villa, the well-documented shortage of police officers and ambulance response in Portland, and the anticipated need for public safety services at the future Peaceful Villa. Nor is there any discussion that City of Portland resolution No. 36648 requires Crime Prevention through Environmental Design (CPTED ).

31.     These failures show that the EA is inadequate and in violation of NEPA.

## FOURTH CLAIM FOR RELIEF

**(Violation of NEPA — Failure to Consider a Reasonable Range of Alternatives)**

32.     Paragraphs 1–31 are incorporated by reference.

33.     NEPA requires that any environmental document consider an appropriate range of design alternatives. The failure to consider a viable design alternative renders an action arbitrary and capricious.

34.     The EA does not give detailed consideration to any design alternatives other than "no action." Alternatives briefly presented in the EA are related to potential sites. Alternative sites are moot because Home Forward owns this site.

35.     Despite the truncated public involvement process, multiple feasible alternatives were presented in multiple instances by plaintiffs and other neighborhood groups. These included density-supporting alternatives that were developed by volunteer planners and the RNA

Page 16 -   FIRST AMENDED COMPLAINT
            CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1

representative on the CAC and which were presented to the Home Forward Board on February 21, 2023. None of these alternatives were considered in the EA.

36. The failure to consider reasonable alternatives renders the EA and FONSI in violation of NEPA.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that the Court issue the following relief:

1. A Declaration that the EA and FONSI violate NEPA, are arbitrary and capricious and otherwise in violation of law.

2. An Order vacating and remanding the EA and FONSI to PHB and HUD.

3. Injunctive relief prohibiting commencement of demolition or construction until an adequate NEPA document is prepared;

4. Plaintiffs' attorney fees and costs pursuant to 28 U.S.C. § 2412, Fed. R. Civ. P. 54(d), and any other applicable authority; and

5. Such other and further relief as the Court may allow.

Dated this 23rd day of August, 2024.

Respectfully submitted,
SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Lawson Fite*
Lawson Fite, OSB #055573
Email: lfite@schwabe.com
Rosalyn DiLillo Knock, *Pro Hac Vice*
Email: rdililloknock@schwabe.com
Telephone: 503-222-9981

Attorneys for Plaintiffs

Page 17 -   FIRST AMENDED COMPLAINT
CASE NO. 3:24-cv-01265-AN

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

143039\286637\LEF\46333385.1