SAMANTHA GAMBOA, OSB #053077
Deputy City Attorney
samantha.gamboa@portlandoregon.gov
MATTHEW GANDER, OSB #176161 *(pending admission)*
Deputy City Attorney
matt.gander@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| CLAUDE SAKR, an individual; and LAURA JACKSON, an individual; and MARGARET SKENDERIAN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORTLAND, an Oregon municipal corporation; UNITED STATES DEPARTMEN OF HOUSING AND URBAN DEVELOPMENT, an agency of the United States; ADRIENNE TODMAN, in her official capacity as Acting Secretary of the U.S. Department of Housing & Urban Development; HOME FORWARD, an Oregon public corporation, <br><br> Defendants. | Case No.: 3:24-cv-01265-AN <br><br> DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES |

Defendant City of Portland (City) files its Answer and Defenses in response to Plaintiffs'

First Amended Complaint (Complaint), in correspondingly numbered paragraphs as follows:

Page  1  – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES

## INTRODUCTION

1. In response to paragraph 1, the City admits that the City's Portland Housing Bureau (PHB) issued an Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) under the National Environmental Policy Act (NEPA) 42 U.S.C. §§ 4321 *et seq*. for the Peaceful Villa Redevelopment project (Project). The City admits that this action seeks review of that EA, but denies that Plaintiffs are entitled to the relief demanded.

2. In response to paragraph 2, the City admits that the Peaceful Villa Redevelopment project is a proposed redevelopment of an existing multifamily housing project in Southeast Portland currently owned by Defendant Home Forward. The City admits that the existing Peaceful Villa is an 18-building development that currently provides 70 affordable housing units. The City further admits that Home Forward's proposed plans for the Peaceful Villa Redevelopment includes 166 multifamily, affordable housing units and that the estimated cost of the project, as of the public notice of the FONSI on November 15, 2023, was around $95 million. The City is without sufficient information to admit or deny the remainder of the allegations in paragraph 2, and therefore denies those allegations.

3. The City admits that in 2022, Home Forward and PHB began the development process to receive HUD grant funding through PHB. The City admits that City employee, Anna Shook, was the HUD Certifying Officer for the PHB and that, in 2024, PHB issued a FONSI for the Project. The City also admits that, in 2023, it received comments from the public regarding the City's proposed FONSI for the Project. The City denies the remainder of the allegations contained in paragraph 3.

4. Paragraph 4 sets forth the legal framework that forms the bases of Plaintiffs' legal theories, legal conclusions or argument, for which no response is required, or is otherwise denied.

Page 2 – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES

## JURISDICTION AND VENUE

5. In response to paragraph 5, the City admits that the District Court has jurisdiction over this matter as it arises under NEPA, a law of the United States. The City admits that a substantial part of the events or a substantial part of the property that is the subject of this action is situated and occurred in Portland Oregon, and that the Portland Division of the U.S. District Court for the District of Oregon is the proper venue for this case. To the extent that standing is a jurisdictional issue, the City denies that the Plaintiffs have standing to bring this action.

## PARTIES

6. In response to paragraph 6, the City denies that Plaintiffs are directly affected and injured by the actions of PHB and the resulting Project as currently conceived. The City is without sufficient information to admit or deny the remainder of the allegations contained in paragraph 6, and therefore denies those allegations.

7. In response to paragraph 7, the City denies that the Portland Housing Bureau is a municipal agency. The City clarifies that the City is a municipal corporation and PHB is a bureau of the City, but is not itself a legal entity. The City admits that, pursuant to 24 C.F.R. § 58.1 *et seq.*, the City is designated as a "Responsible Entity," by which it assumes certain of HUD's environmental responsibilities under NEPA to perform environmental reviews of projects proposed for development in the City of Portland, which are eligible for HUD funding. The City is without sufficient information to admit or deny the remainder of the allegations contained in paragraph 7, and therefore denies those allegations.

## LEGAL FRAMEWORK

8. Paragraph 8 sets forth the legal framework that forms the bases of Plaintiffs' legal theories, legal conclusions or argument, for which no response is required, or is otherwise denied.

Page  3  – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES

9. Paragraph 9 sets forth the legal framework that forms the bases of Plaintiffs' legal theories, legal conclusions or argument, for which no response is required, or is otherwise denied.

10. Paragraph 10 sets forth the legal framework that forms the bases of Plaintiffs' legal theories, legal conclusions or argument, for which no response is required or is otherwise denied.

11. Paragraph 11 sets forth the legal framework that forms the bases of Plaintiffs' legal theories, legal conclusions or argument, for which no response is required, or is otherwise denied.

## FACTUAL ALLEGATIONS

12. In response to paragraph 12, the City admits that it issued an EA and FONSI on February 2, 2024. The City admits that the proposed Project site is located at 4626 SE Clinton Street, Portland, OR 97206, which is currently owned by Home Forward, formerly known as the Housing Authority of Portland, Oregon. The City admits that the proposed Project is for 166 units with 62 on-site parking spaces and other community facilities. The City admits that the Project's proposed 166 units were to consist of a mix of 75 studio and one-bedroom units and the other half of the units were planned to be a mix of two-bedroom, three-bedroom and four-bedroom apartments. The City is without sufficient information to admit or deny the remainder of the allegations contained in paragraph 12, and therefore denies those allegations.

13. To the extent that the allegations in paragraph 13 restate information set forth in the PHB's November 15, 2023, Public Notice of Finding of No Significant Impact and Notice of Intent to Request a Release of Funds, the City admits such allegations. The City denies the remainder of the allegations contained in paragraph 13.

14. The City admits that it assumed environmental responsibilities under 24 C.F.R Part 58 for environmental review of the Project. The City also admits that, in February 2024,

Page 4 – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES

PHB made a FONSI determination for the Project. The City denies the remainder of the allegations contained in paragraph 14.

15. The allegations in paragraph 15 do not pertain to the City and the City is without sufficient information to admit or deny such allegations, and therefore denies those allegations.

16. The allegations in paragraph 16 do not pertain to the City and the City is without sufficient information to admit or deny such allegations, and therefore denies those allegations.

17. The City admits that PHB relied on Home Forward to provide much of the information in response to the EA comments. The City denies the remainder of the allegations contained in paragraph 17.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of NEPA -- Unlawful Finding of No Significant Impact)**

18. The City incorporates its response in its Answer and Defenses in paragraphs 1 through 17 above.

19. The City denies the allegations contained in paragraph 19.

20. The City denies the allegations contained in paragraph 20.

21. The City denies the allegations contained in paragraph 21.

## SECOND CLAIM FOR RELIEF

**(Violation of NEPA — Insufficient Public Involvement)**

22. The City incorporates its response in its Answer and Defenses in paragraphs 1 through 21 above.

23. In response to paragraph 23, the City admits that HUD regulations state that "[t]he environmental review process should begin as soon as a recipient determines the projected use of HUD assistance." The City is without sufficient information to admit or deny the intent behind the Council on Environmental Quality (CEQ) and HUD regulations related to the NEPA process. The City denies the remainder of the allegations contained in paragraph 23.

Page  5  – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES

24. The City denies the allegations contained in paragraph 24.

25. The City denies the allegations contained in paragraph 25.

## THIRD CLAIM FOR RELIEF

### (Violation of NEPA — Inadequate Environmental Assessment)

26. The City incorporates its response in its Answer and Defenses in paragraphs 1 through 25 above.

27. The City denies the allegations contained in paragraph 27.

28. The City denies the allegations contained in paragraph 28.

29. The City denies the allegations contained in paragraph 29.

30. The City denies the allegations contained in paragraph 30.

31. The City denies the allegations contained in paragraph 31.

## FOURTH CLAIM FOR RELIEF

### (Violation of NEPA — Failure to Consider a Reasonable Range of Alternatives)

32. The City incorporates its response in its Answer and Defenses in paragraphs 1 through 31 above.

33. To the extent consistent with the allegations in paragraph 33, the City admits that NEPA requires that an Environmental Assessment include a brief discussion of the environmental impacts of the proposed action and alternatives. The City denies the remainder of the allegations contained in paragraph 33.

34. The City denies the allegations contained in paragraph 34.

35. The City denies the allegations contained in paragraph 35.

36. The City denies the allegations contained in paragraph 36.

37. Unless specifically admitted to above, the City denies each and every remaining allegation in Plaintiffs' Complaint because those allegations are false and untrue, those allegations are not directed at the City, or the City lacks knowledge or information sufficient at this time to admit or deny those allegations.

BY WAY OF FURTHER ANSWER AND DEFENSES, Defendant City alleges as follows:

## FIRST DEFENSE

### (Failure to State a Claim)

38. Plaintiffs have failed to state a claim against the City upon which relief can be granted.

## SECOND DEFENSE

### (Laches)

39. Plaintiffs' claims are barred by the equitable doctrine of laches.

## THIRD DEFENSE

### (Waiver/Estoppel)

40. Plaintiffs' claims are barred by the equitable doctrine of waiver and/or estoppel.

## FOURTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

41. Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies.

## FIFTH DEFENSE

### (Standing)

42. Plaintiffs lack standing to bring claims for impacts from which they will not suffer a concrete and particularized injury.

## SIXTH DEFENSE

### (Right to Amend)

43. The City reserves the right to amend its answer and add other defenses through and after discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant City prays that Plaintiffs' Complaint be dismissed, and that judgment be entered in the City's favor and for the

Page  7  – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES

City's costs and disbursements incurred herein, in addition to such other relief as may be justified.

Dated: October 1, 2024

Respectfully submitted,

/s/ Samantha Gamboa
SAMANTHA GAMBOA, OSB #053077
Deputy City Attorney
MATTHEW GANDER, OSB #176161
*(pending admission)*
Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendant City of Portland*

Page 8 – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES